**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| **Plaintiff,** | * |
| v. | Case No.: GJH-16-18 |
| | * |
| **JEROME HOLLOWAY,** | |
| | * |
| **Defendant.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Jerome Holloway is currently serving a sentence of 102 months of incarceration at FCI Hazelton in West Virginia after being convicted by a jury of violating 18 U.S.C. § 922(g), Felon in Possession of a Firearm. ECF No. 124. Pending before the Court is Mr. Holloway's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 143 and 147. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Holloway's Motion is denied.

**I.      BACKGROUND**

On January 20, 2016, the Grand Jury returned an Indictment in this Court charging Mr. Holloway with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). ECF No. 1. On September 28, 2016, the Grand Jury returned a Superseding Indictment charging Mr. Holloway with two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). ECF No. 25. On May 15, 2017, the Court entered an Order severing the two counts, ECF No. 46, and trial on Count One began on May 29, 2018, ECF No. 95. On May 31, 2018, a jury returned a verdict of Guilty as to that count. ECF No. 105.

1

The Pre-Sentence Report included a brief description of the facts that the Government established at trial. ECF No. 112. In sum, on February 22, 2014, officers responded to an intersection following reports of shots fired and a car accident. *Id.* at 4. Upon arrival, officers found Mr. Holloway sitting beside a badly damaged vehicle, bleeding from his chin and with a pool of blood next to him. *Id.* From the ground on the passenger side, officers recovered a Ruger semi-automatic pistol, cocked with a round in the chamber and six rounds in the magazine. *Id.* A second firearm was recovered from a briefcase inside the vehicle and that firearm was loaded with 26 rounds of ammunition plus one round in the chamber. *Id.* at 5. The Pre-Sentence Report determined that Mr. Holloway had 18 criminal history points, making him a Criminal History Category VI. *Id.* at 14. His criminal history includes, but is not limited to, convictions for Possession of a Firearm During a Crime of Violence or Dangerous Offense, Attempted Robbery, Second-Degree Assault, Assault on a Police Officer, and Prisoner Escape. *Id.* at 8–11.

Defendant's sentencing hearing was held on November 13, 2018. ECF No. 122. Based on an offense level of 24 and a criminal history category of VI, the Court determined that Defendant's advisory sentencing guidelines range was 100 to 120 months incarceration. ECF No. 125 at 1. The Court sentenced Defendant to a total of 102 months incarceration on Count 1, ECF No. 124 at 2, and the Government dismissed Count 2, which had been severed pursuant to the earlier Order of the Court, *id.* at 1. The Court additionally imposed a three-year term of supervised release. *Id.* at 3.

On September 16, 2020, Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19 due to several medical conditions. ECF No. 143. On December 10, 2020, a supplemental Motion was filed by a

court-appointed attorney. ECF No. 147. The Government filed an Opposition on December 28, 2020. ECF No. 151.[1] Defendant did not submit a Reply.

## II. DISCUSSION

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his pre-existing medical conditions, Mr. Holloway moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 143, 147. The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

### A. Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] The Defendant's supplemental Motion and the Government's Opposition are filed under seal with accompanying Motions to Seal, which are granted. ECF Nos. 148 and 150.

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons

4

described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[2]

Judges in this District and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court recently explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming

---

[2] The Program Statement, issued January 17, 2019, is available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

5

the defendant has exhausted administrative remedies, the Court considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF No. 149-3 at 3. Therefore, he has exhausted his administrative rights.

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

## C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Holloway has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Holloway asserts that he suffers from Type II diabetes, obesity, hypertension, high cholesterol, and other health concerns, placing him at a serious risk of severe illness if he contracts COVID-19. ECF No. 149 at 1. These assertions are confirmed by medical records attached to Defendant's Motion. ECF No. 149-2. The Government concedes that the Defendant has met his burden of showing extraordinary and compelling reasons that could make him eligible for relief. ECF No. 151 at 7–8. Given Mr. Holloway's medical conditions and the ongoing pandemic, the Court agrees.

## D. Additional Considerations

Having found that Mr. Holloway has demonstrated extraordinary and compelling reasons for release, the Court next considers whether release is appropriate under the Sentencing Commission's Policy Statement at § 1B1.13 and the 18 U.S.C. § 3553(a) sentencing factors.

As noted previously, the Policy Statement directs that, to proceed with a sentence reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

7

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

After considering the Sentencing Commission's Policy Statement and the § 3553(a) factors, the Court concludes that compassionate release is not appropriate. Defendant's prior criminal history is serious and troubling, consisting of a prior gun offense, attempted robbery, and assault. ECF No. 112 at 8–11. The offense for which he is currently serving a sentence involved the possession of two loaded firearms. *Id.* at 4–5. And, even assuming good time credit, Mr. Holloway still has almost three years of incarceration left on his sentence. Given these factors, the Court concludes that the Defendant is a danger and the § 3553 factors do not support release.

### III. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF Nos. 143, 147 is **DENIED**. The Motions to Seal attached to the pleadings related to the Defendant's Motion, ECF Nos. 148, 150 are **GRANTED**. A separate Order is attached.

Date: <u>January 19, 2021</u>   ___/s/_____
GEORGE J. HAZEL
United States District Judge